**Martin PETERSON, Appellant**
**(Defendant below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff below).**

No. 64S05–9802–PC–00102.

Supreme Court of Indiana.

May 6, 1998.

---

1. Ind.Code § 35–48–4–11(1) (1988).

2. Ind.Code §§ 6–7–3–1 to –17 (Supp.1992).

See also 694 N.E.2d 1129.

Garrett V. Conover, Landau, Omahana & Kopka, Merrillville, for Appellant.

Jeffrey A. Modisett, Attorney General, Christopher L. LaFuse, Deputy Attorney General, Indianapolis, for Appellee.

## ON PETITION TO TRANSFER

SULLIVAN, Justice.

In accordance with our decision today in *State v. Mohler,* 694 N.E.2d 1129 (Ind.1998), we conclude that the new rule of law announced in *Bryant v. State,* 660 N.E.2d 290 (Ind.1995), *cert. denied,* —— U.S. ——, 117 S.Ct. 293, 136 L.Ed.2d 213 (1996), is not retroactive under *Daniels v. State,* 561 N.E.2d 487 (Ind.1990), and so does not entitle Martin Peterson to post-conviction relief.

On two occasions in June, 1993, Martin Peterson ("Peterson") sold cocaine to an undercover police officer. On August 25, 1993, the Indiana Department of Revenue issued Peterson a warrant for payment of a Controlled Substance Excise Tax ("CSET"),[1] which was reduced to a money judgment on October 4, 1993. On November 8, 1993, the State charged Peterson with two counts of delivering cocaine.[2] Peterson pled guilty to one charge on October 15, 1994, and paid the CSET on March 6, 1995.

On March 6, 1996, Peterson filed an amended petition for post-conviction relief based on this Court's decision in *Bryant v. State,* 660 N.E.2d 290 (holding that because CSET is punishment, the Double Jeopardy Clause bars criminal prosecution for the underlying drug offense after CSET has been assessed). The post-conviction court denied Peterson's petition for relief. Peterson appealed.

The Court of Appeals retroactively applied the *Bryant* holding and reversed the post-conviction court's denial of relief. *Peterson v. State,* 689 N.E.2d 1290 (Ind.Ct.App.1998).

Having granted transfer, we now vacate the Court of Appeals opinion pursuant to Ind.Appellate Rule 11(B)(3) and affirm the post-conviction court's denial of relief for the reasons set forth in *State v. Mohler,* 694 N.E.2d 1129 (Ind.1998), also decided today.

SHEPARD, C.J., and DICKSON, SELBY and BOEHM, JJ., concur.

---

**1.** Ind.Code §§ 6–7–3–1 to –17 (Supp.1992).

**2.** Ind.Code § 35–48–4–1 (1988 & Supp.1990).